IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD POMARES,**<br><br>Plaintiff,<br><br>v.<br><br>**SUTTER FAMILY CORPORATION, et al.,**<br><br>Defendants. | 1:15-cv-00838 MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT** |

## I. INTRODUCTION

Plaintiff Richard Pomares ("Plaintiff"), proceeding *pro se*, filed his complaint against defendants Sutter Family Corporation, Mike Manzella, Ridge Sutter, Mary Sutter, Anthony Drew Rowe, and The Law Offices of Anthony Drew Rowe ("Defendants"). He seeks relief under the Federal Declaratory Judgement Act ("DJA"). His claims arise out of actions connected to the lease of his residence and a resulting unlawful detainer action in state court. (Complaint, ECF No. 1.)

Because Plaintiff fails to raise a federal question or show complete diversity among the parties, he lacks subject matter jurisdiction, and his complaint must be dismissed.

1

## II. **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of this complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. **FACTUAL SUMMARY**

The dispute arises out of a lease to Plaintiff's residence in Modesto, California. Plaintiff asserts that he entered into a lease agreement with property manager Defendant Mike Manzella. (Compl., ¶ 15.) Manzella, possibly acting on behalf of other named Defendants, brought an unlawful detainer action against Plaintiff. (Id. at ¶ 17.) Attorney Defendant Rowe was hired to litigate the case. (Id. at ¶¶ 17-18.) Plaintiff attended a hearing in the unlawful detainer action and entered into a settlement agreement which, among other things, required that he vacate the premises. (Id. at ¶¶ 22-23.) However, Plaintiff asserts that he entered the agreement under duress and in response to Defendant Rowe's threats to report criminal charges against him. (Id.) Plaintiff asserts that the settlement terms Rowe presented to the state court were false. (Id. at ¶¶ 23-27.) The state court issued writs of possession to Defendants and a writ to vacate to Plaintiff. (Id.) The writs were to be executed on June 3, 2015. (Id.)

Plaintiff filed the instant action with this Court on June 2, 2015. He seeks declaratory relief finding the state court judgment void and declaring that all money paid by Plaintiff to Defendants for the lease of the property resulted from theft and extortion. (Id.)

///

IV. **ANALYSIS**

A. **Lack of Jurisdiction and Fed. R. Civ. P. 12(b)(1)**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, such cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Finley v. United States, 490 U.S. 545, 109 S. Ct. 2003, 104 L. Ed. 2d 593 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

1. Federal Question Jurisdiction

Under federal question jurisdiction, district courts are authorized to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action can "arise under" federal law in two ways. Gunn v. Minton,    U.S.   , 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013). Most directly, "a case arises under federal law when federal law creates the cause of action asserted." Id. If, however, a claim finds its origins in state rather than federal law, federal jurisdiction will lie only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.; see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). With respect to declaratory judgment claims, "it is settled law that "[t]he operation of the Declaratory Judgment Act is procedural only and does not confer arising under jurisdiction." California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636

F.3d 538, 543 (9th Cir. 2011) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950)). As such, courts look to the subject matter of the underlying dispute to determine jurisdiction over declaratory judgment claims. Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 848, 187 L. Ed. 2d 703 (2014).

Here, Plaintiff seeks declaratory judgment relating to the terms of his lease and a settlement of an unlawful detainer action initiated against him by Defendants. (See generally, Compl.) To the extent that Plaintiff is challenging the terms of the agreements with Defendants or any improper inducement into the agreements, those claims rely on state breach of contract and fraud claims, and do not form a basis for federal question jurisdiction. Plaintiff has not alleged any other federal basis for his complaint. Accordingly, even though Plaintiff presents his claim under the Federal DJA, he has not established that the underlying claims are based on a federal question. Plaintiff has not established subject matter jurisdiction based on the nature of the claims presented.

        2.    Diversity Jurisdiction

As described above, it appears that Plaintiffs underlying legal claims are founded in contract, tort, or other state law. Such state law claims can proceed in federal court only if Plaintiff properly alleges diversity jurisdiction. "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants. Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." Diaz v. Davis (In re Digimarc Corp. Derivative Litig.), 549 F.3d 1223, 1234 (9th Cir. 2008) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)).

Plaintiff has not properly alleged diversity of citizenship. Plaintiff states that he is a resident of California. (Compl., ¶ 4.) Plaintiff alleges that but for not knowing the principle place of business of Defendant Sutter Family Corporation, the remaining defendants are residents of California. (Id. ¶¶ 5-9.) As both Plaintiff and many, if not all, of the Defendants reside in California, there is not complete diversity of the parties. Plaintiff has

not established subject matter jurisdiction and this Court may not adjudicate the claims presented.

## V.   RECOMMENDATION

Accordingly, it is hereby recommended that the complaint be dismissed.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   October 30, 2015         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE